## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION


**DENNIS DOBBS,**                                           **PETITIONER**

**V.**                                                    **NO. 1:07CV323-A-D**

**CHRISTOPHER B. EPPS, et al.,**                           **RESPONDENTS**


## <u>OPINION</u>

This cause comes before the court on the petition of Dennis Dobbs for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After due consideration, the court finds that the petition should be dismissed with prejudice.

### A. *Factual and Procedural Background*

Because of his habitual and frivolous litigation, Dennis Dobbs has long been barred from filing any civil cases in this court. *See Dobbs v. Clay Co. Sheriff Dept.*, 1:04CV141-M-D (May 17, 2004). True to form, Dobbs has inundated this court with multiple habeas petitions most of which are plainly time barred. *See Dobbs v. Epps*, 1:07CV048-M-D; *Dobbs v. Epps*, 1:07CV49-A-D; Dobbs v. Epps, 1:07CV97-D-D; *Dobbs v. State of Miss*, 1:04cv098-P-D. Unfortunately, the three-strikes provision of 28 U.S.C. § 1915(g), however, does not prohibit Dobbs from pursuing habeas relief.

In light of his litigious proclivities, upon filing his most recent habeas petition, the court issued a show cause order requiring Dobbs to demonstrate why his petition should not be dismissed as untimely. Dobbs responded to the show cause order arguing that his absence from the sentencing hearing for a 1994 conviction of grand larceny warrants habeas relief. The Mississippi Court of Appeals affirmed Dobbs' grand larceny conviction in 1995. Following his appeal, Dobbs admittedly failed to timely file any further motions or seek discretionary review in the Mississippi Supreme Court. *See* M.R.A.P. 17(b) and 40(a). Dobbs did, however, attempt to remedy his dilatory failure which was rejected by the State's highest court on December 7, 2007. The Mississippi Supreme

Court held that Dobbs' application for leave to seek post-conviction relief for his 1995 conviction was "time barred."

### B. Discussion

The Antiterrorism and Effective Death Penalty Act of 1996 (Public Law No. 104-132, 110 Stat. 1214) (hereinafter, the AEDPA), which was signed into law on April 24, 1996, amended habeas corpus procedure in several different ways. Before the AEDPA there was no specific statute of limitations provision. The AEDPA provided such a limitation:

> (d)(1) 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1).

Under Mississippi law, a defendant is allowed fourteen days after a decision is rendered to file a motion for rehearing. M.R.A.P. 40(a). Since Dobbs failed to pursue a motion for rehearing following the affirmation of his conviction, the appeals process was stopped. *See Duplantis v. Booker*, 273 F.3d 392, 2001 WL 1013067 at **1-3 (5th Cir. 2001); *Roberts v. Cockrell*, 319 F.3d

690, 693 (5th Cir. 2003). Thus, Dobbs' judgment became final fourteen days after the Mississippi Court of Appeals affirmed his conviction.

The Mississippi Court of Appeals decision was dated December 29, 1995, affirming Dobbs' January 26, 1994, conviction in the Circuit Court of Clay County. *See Dobbs, v. State of Miss.*, 675 So. 2d 1263 (Miss. App. 1995). In the absence of any further review, Dobbs' sentence and conviction became final on January 12, 1996, the date on which his time for seeking further review in state court expired. Under the AEDPA, Dobbs then had one year to seek federal review of his judgment. In order to be timely, Dobbs' petition should have been filed on or before January 12, 1997. Dobbs did not file this petition until December 26, 2007, approximately 4366 days too late.

The petition is untimely unless Petitioner can demonstrate that the one-year limitations period should be tolled. A petitioner must cite "rare and exceptional" circumstances to warrant equitable tolling, or that he was actively misled or prevented in some extraordinary way from asserting his rights. *Ott v. Johnson*, 192 F.3d 510, 513- 514 (5th Cir. 1999). This court has repeatedly held that "ignorance of the law alone is not sufficient to warrant equitable tolling." *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir.1991).

In support of his petition, Dobbs contends that he was not present at the sentencing hearing. Dobbs' substantive argument does nothing to bolster the timeliness of his petition. If true, such an argument could and would have been immediately discoverable enabling Dobbs to timely pursue post-conviction relief in state court. To his detriment, however, Dobbs chose to wait over ten years too late to attack his conviction and sentence. Accordingly, Petitioner has not alleged the type of "rare and exceptional" circumstances that would permit the court to consider his petition. Furthermore, because Dobbs did not file a proper post-conviction application in the state courts, the AEDPA's tolling provision is not applicable. The Mississippi Supreme Court's denial of Dobbs' application for post-conviction relief was neither an incorrect nor unreasonable application of the law. The doctrine of equitable tolling will not be used to breath new life into his habeas claims. Consequently, the petition must be dismissed.

A final judgment in accordance with this opinion will be entered.

THIS the  3rd  day of March, 2008.

**  /s/ Sharion Aycock  **
**U.S. DISTRICT JUDGE**